UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NEAL JOWERS,

      Petitioner,

v.                                  Case No. 5:18-cv-53-MCR/MJF

WARDEN,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

This case is before the court on Petitioner Neal Jowers's ("Jowers") habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241. (Docs. 1, 2). Respondent filed a response arguing that the petition is subject to dismissal for lack of jurisdiction because of mootness. (Doc. 10). Jowers was afforded an opportunity to respond, (Doc. 14), but he has failed to do so.[1] For the reasons set forth below, Jowers's petition should be dismissed for lack of jurisdiction.[2]

---

[1] The order directing Jowers to respond was returned as "undeliverable." (Doc. 15). A review of the Bureau of Prison website indicates that Petitioner was released on July 27, 2018. Prior to his release, Petitioner had been advised to inform the clerk's office in writing if his mailing address changed. (Doc. 3 at 2).

[2] The case was referred to the undersigned to address all preliminary issues and to make recommendations to the District Court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

I.  **Background**

On February 12, 2018, Jowers was an inmate of the Bureau of Prisons ("BOP") and filed a § 2241 petition. Jowers claimed his due process rights were violated when he was convicted of violating the BOP's policy forbidding alcohol use. (Doc. 1 at 3; Doc 2 at 4-8). On March 11, 2017, BOP staff conducted mass alcohol testing of all inmates in Jowers's housing unit to determine if any inmate had violated the BOP's policy forbidding alcohol use. (Doc. 2 at 2). Jowers's first breathalyzer reading measured 0.011. (*Id.*). Fifteen minutes later, he was tested a second time and this breathalyzer reading was 0.008. (*Id.*). Jowers alleged that he was then "locked up." Jowers further contended that he was found guilty of violating the BOP's policy forbidding alcohol use, which resulted in a loss of 41 days of "good time" credit and several other sanctions, including disciplinary segregation. (Doc. 2 at 4). Jowers alleged that this violated due process insofar as he never violated a BOP policy. (Doc. 1 at 3; Doc. 2 at 4-8). As relief, Jowers requested restoration of the 41 days of good time, and removal of "the remaining sanctions still in effect." (Doc. 2 at 7-8).

Respondent contends that the petition should be dismissed for lack of subject matter jurisdiction because it has been rendered moot. (Doc. 10). According to Respondent, the BOP conducted a review of the matter, expunged the disciplinary/incident report, and restored the 41 days of good time credit. (*Id.* at 1-

2). Respondent submitted a copy of the expunged disciplinary/incident report, (Doc. 10-1) and a report showing that the 41 days of forfeited good time credit were restored. (Doc. 10-2). Respondent argues that it is not clear what the "remaining sanctions" are, but any sanctions concerning the incident have now run their course insofar as Jowers is no longer in the custody of the BOP. (Doc. 10 at 2).

## II.     Discussion

It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the [initial pleading] is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068 (1997) (internal quotations marks omitted); *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). "[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990)).

A petition is not moot simply because a § 2241 petitioner is no longer incarcerated. *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969). But post-release "habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances."

*Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006). A petition, like any other civil action, is moot when the court cannot grant the relief requested. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 2287 (2012) (noting that a case generally "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (internal quotation marks omitted); *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015) (noting that a case is moot when the court "cannot grant any effectual relief whatever in favor of the" party).

A petitioner can show that his case is not moot by demonstrating that he will suffer "collateral legal consequences" unless the court grants the requested relief. *See, e.g.*, *Minnesota v. Dickerson*, 508 U.S. 366, 371 n.2, 113 S. Ct. 2130, 2135 n.2 (1993); *Jago v. Van Curen*, 454 U.S. 14, 21 n.3, 102 S. Ct. 31, 36 n.3 (1981); *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995). Thus, to withstand a mootness challenge, a petitioner must demonstrate some ongoing collateral consequence that is traceable to the challenged constitutional violation and likely to be redressed by a favorable judicial decision. *United States v. Juvenile Male*, 564 U.S. 932, 936, 131 S. Ct. 2860, 2864 (2011); *United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000) (noting that the petitioner bears the burden of establishing the existence of collateral consequences of which the court may relieve the petitioner).

Unlike criminal convictions, courts do not presume that parole revocations will result in collateral legal consequences. *Wilson v. Terhune*, 319 F.3d 477, 480-81 (9th Cir. 2003) ("The Supreme Court has held that the presumption of collateral consequences does not apply to the revocation of parole.") For example, in *Lane v. Williams*, 455 U.S. 624, 102 S. Ct. 1322 (1982), petitioner Williams was incarcerated after he violated a term of his parole. *Id.* at 626-627, 102 S. Ct. at 1324. Williams filed a habeas petition alleging that his incarceration violated the Due Process Clause, because he had not been informed, at the time of his guilty plea, that a term of parole would be part of his sentence. *Id.* at 627, 102 S. Ct. at 1324. Williams' habeas petition requested an order releasing him from custody and "all future liability" under his original sentence. *Id.* at 627 & n.2; 102 S. Ct. at 1324. While the case was pending, Williams completely served his sentence. *Id.* at 627-28; 102 S. Ct. at 1325. The Supreme Court held that the presumption of collateral consequences did not apply, because no civil legal disabilities such as those present in *Carafas* resulted from a finding that an individual violated parole. 455 U.S. at 632, 102 S. Ct. at 1327. The Court further held that because petitioner Williams obtained all the relief he sought (*i.e.* an order releasing him from incarceration and from "all future liability" under his original sentence), no live controversy remained. *Id.* at 633; 102 S. Ct. 1328.

Similarly, in *Spencer v. Kemna*, the petitioner sought to invalidate an order revoking his parole. *Spencer v. Kemna*, 523 U.S. 1, 3, 118 S. Ct. 978, 981 (1998). While his habeas case was pending, the petition was released from prison. *Id.,* 523 U.S. at 8; 118 S. Ct. at 983. Adhering to the principles announced in *Lane*, the Court held that the presumption of collateral consequences did not extend to a challenge to a parole revocation. *Id.*, 523 U.S. at 14; 118 S. Ct. at 986. Accordingly, the Court held that Spencer's petition was moot. *Spencer*, 523 U.S. at 18, 118 S. Ct. at 988.

Federal courts have extended the holdings of *Lane* and *Spencer* to prison disciplinary proceedings and BOP decisions not to assess good time credit, thus requiring a petitioner affirmatively to establish the existence of collateral consequences. *See Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2015); *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012*); Scott v. Warden of the Buena Vista Correctional Facility*, 457 F. App'x 712, 714 (10th Cir. 2011); *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009); *Wilson*, 319 F.3d at 480-81; *Wilcox v. Aleman*, 43 F. App'x 210, 213 (10th Cir. 2002); *Diaz v. Duckworth*, 143 F.3d 345, 348 (7th Cir. 1998). Accordingly, in order to withstand a mootness challenge, released petitioners—such as Jowers—must establish collateral consequences from any prison disciplinary action.

When Jowers filed this habeas action, he requested restoration of 41 days of good time credit, and "immediate removal of the remaining sanctions still in effect."

(Doc. 2 at 7-8). The good time credit was restored, the incident report was expunged from his inmate record, and Jowers has been released from prison. Thus, as to his request for restoration of 41 days of good time credit, Jowers's petition obviously is moot. With regard to the "remaining sanctions," Jowers has not carried his burden of demonstrating that he suffers any "remaining sanctions." Therefore, he has failed to show that he suffers any collateral consequences from the now-expunged disciplinary/incident report. Because Jowers has not identified any collateral consequences, there is no relief that the United States District Court can grant. Jowers's petition, therefore, is moot, and there is no case or controversy to be addressed.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 be **DISMISSED** for lack of jurisdiction; and

2. the clerk be directed to enter judgment accordingly and close the case.

At Panama City, Florida this 28th day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.